UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY LEE KELLEY,<br><br>          Petitioner,<br><br>   v.<br><br>JOE A. LIZARRAGA,[1]<br><br>          Respondent. | No. 2:17-cv-1401 MCE KJN P<br><br><br>FINDINGS & RECOMMENDATIONS |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel. Respondent moves to dismiss this action as barred by the statute of limitations and for failure to exhaust state court remedies. Petitioner filed an opposition, and respondent filed a reply. As set forth below, the undersigned recommends that the motion to dismiss be granted.

II. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth

---

[1] Joe Lizarraga, the current warden of Mule Creek State Prison, where petitioner is housed, is substituted as respondent in this matter. Fed. R. Civ. P. 25(d); see Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1

Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). Generally, this means that the statute of limitations is tolled during the time after a state habeas petition has been filed, but before a decision has been rendered. Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012). However, "a California habeas petitioner who unreasonably delays in filing a state habeas petition is not entitled to the benefit of statutory tolling during the gap or interval preceding the filing." Id. at 781 (citing Carey v. Saffold, 536 U.S. 214, 225-27 (2002)). Furthermore, the AEDPA "statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there

is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled on other grounds by Carey, 536 U.S. at 214. In Carey, the United States Supreme Court held that the limitation period is statutorily tolled during one complete round of state post-conviction review, as long as such review is sought within the state's time frame for seeking such review. Id., 536 U.S. at 220, 222-23. State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

III. Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. Petitioner was convicted of ten sex offenses against two different child victims. On August 12, 2012, petitioner was sentenced to a determinate term of sixteen years, plus an indeterminate term of 110 years to life, in state prison. (Respondent's Lodged Document ("LD") 1.)

2. Petitioner filed an appeal. On July 15, 2014, the California Court of Appeal for the Third Appellate District reversed one of the convictions (count eight) and remanded the matter to the trial court to

> (1) stay . . . the concurrent terms imposed for the kidnapping in count l; (2) stay . . . the punishment imposed for genital penetration in count two; (3) stay . . . one of the 25-year-to-life terms imposed on counts three and four; (4) afford the People the opportunity to retry [petitioner] on count eight, but if the People decline to do so the court is directed to dismiss count 8; (5) stay . . . one of the two 15-year-to-life sentences imposed on counts 9 and 10; and (6) prepare a corrected abstract of judgment showing [petitioner's] conviction in count 2 was under subdivision (j), rather than subdivision (a), of [Cal.] Penal Code section 289.

(LD 2 at 13-14.)

3. Petitioner did not file a petition for review in the California Supreme Court.

////

3

4. The People declined to retry petitioner on count eight. On December 2, 2014, an amended abstract of judgment was issued by the Shasta County Superior Court pursuant to the state appellate court's decision. (LD 3.)

5. On January 4, 2016, petitioner filed a federal petition challenging the 2012 conviction, which was dismissed on January 21, 2016, because petitioner failed to exhaust his state court remedies. Kelley v. Warden, No. 2:16-cv-0017 KJN (E.D. Cal.).

6. On December 27, 2016,[2] petitioner constructively filed his first petition for writ of habeas corpus in the California Supreme Court. (LD 4.) On March 15, 2017, the petition was denied, citing People v. Duvall, 9 Cal. 4th 464, 474 (1995); In re Swain, 34 Cal.2d 300, 304 (1949). (LD 5.)

7. On December 27, 2016,[3] petitioner constructively filed the instant federal petition. See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

IV. Statutory Tolling

Under 28 § 2244(d)(1)(A), the limitations period begins running on the date that petitioner's direct review became final or the date of the expiration of the time for seeking such review. Id. However, where the state appellate court remands for re-sentencing, the limitations period does not begin until both the conviction and re-sentencing claims are final on direct review. Burton v. Stewart, 549 U.S. 147, 156-57 (2007) (*per curiam*).

////

---

[2] Prisoners are given benefit of the mailbox rule. See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the petition is deemed filed when handed to prison authorities for mailing). Here, the state habeas petition bears two different signature dates: December 27, 2016, and January 25, 2017. As deduced by respondent, it appears that the initial petition was received by the state supreme court, and then returned to petitioner, who re-signed the petition on January 25, 2017, and filed it with the state supreme court on February 1, 2017. (LD at 4.) In an abundance of caution, the court credits petitioner with the earlier signed date, and agrees with respondent that whether or not the petition is deemed filed in December or January would not change the outcome here. (See ECF No. 11 at 2 n.2.)

[3] Although petitioner signed the federal petition on December 27, 2016, the petition was not filed with the court until July 7, 2017. (ECF No. 1.) Such six month delay was not contemplated by the mailbox rule. However, because the use of the earlier date will not change the outcome here, the court will apply the earlier date.

4

On December 2, 2014, petitioner was re-sentenced. (LD 3.) Where, as here, a defendant's sentence is modified during the state appellate process, the judgment is not final for statute of limitations purposes, even as to claims disposed of in a first round of appeals, until the conclusion of direct review of the modified sentence. Burton, 549 U.S. at 156-57. Petitioner did not appeal the modified sentence. If the defendant does not seek review from the state's highest court, the conviction becomes final when the time for seeking review expires. Espinoza-Matthews v. California, 432 F.3d 1021, 1025 (9th Cir. 2005). Thus, petitioner's re-sentencing became final sixty days later, on January 31, 2015. See Cal. R. Ct. 8.308(a). Because no state court petitions were pending, the one-year limitation period began running the next day, February 1, 2015. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, absent tolling, the statute of limitations expired on Monday, February 1, 2016. Giving petitioner the benefit of the December 27, 2016 date he signed the federal petition, the petition was filed over ten months after the federal limitations period expired.

Moreover, even granting petitioner the benefit of the earliest date he signed the petition filed in the California Supreme Court, December 27, 2016, such filing was made after the federal limitations period expired. State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

Thus, petitioner is not entitled to statutory tolling.

V. Prior Federal Habeas Petition

Petitioner filed a previous federal habeas petition challenging the same state court decision he challenges in the instant petition. Kelley, No. 2:16-cv-0017 KJN. However, the filing of a federal habeas petition does not toll the statute of limitations. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

////

////

VI. Equitable Tolling

In his opposition, petitioner does not dispute the state court filings or dates argued in respondent's motion to dismiss, and does not contend that an alternative start date for the limitations period applies. Rather, petitioner argues that he is entitled to equitable tolling because he is a lay person unfamiliar with the law, and is required to rely on other inmates for help. Because of the nature of petitioner's conviction, petitioner contends he must take great care in finding an inmate he can trust with his legal issues. In addition, petitioner contends he was confused by the federal court's January 21, 2016 order in the prior federal habeas case. Kelley, No. 2:16-cv-0017 KJN. First, petitioner believed he had exhausted his state court remedies based on the order stating "there is no allegation that state court remedies are no longer available to petitioner." Id. (ECF No. 5 at 2.) Second, citing footnote 3 of the order, petitioner claims he thought he had one year to file in the California Supreme Court, and that the time would be stopped while he was in the courts. Petitioner states that "unfortunately, he was mistaken, and by the time he was corrected, it was too late." (ECF No. 14 at 2.)

"Equitable tolling may be available '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim.'" McMonagle v. Meyer, 802 F.3d 1093, 1099 (9th Cir. 2015) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)). "A petitioner who seeks equitable tolling of AEDPA's one-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." Luna v. Kernan, 784 F.3d 640, 646 (9th Cir. 2015) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." Holland, 560 U.S. at 653; see also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010). As to the extraordinary circumstances required, the Ninth Circuit has held that the circumstances alleged must make it impossible to file a petition on time, and that the extraordinary circumstances must be the cause of the petitioner's untimeliness. See Bills, 628 F.3d at 1097, citing Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

////

1          "The threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the

2 exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation

3 omitted).

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert.

denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir.

2003) (petitioner must show that the external force caused the untimeliness). It is petitioner's

burden to demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. California,

432 F.3d 1021, 1026 (9th Cir. 2005).

     1. Extraordinary Circumstances

         Misled By Prior Court Orders?

To the extent petitioner contends he was misled or confused by footnote 3 in the prior federal court's order, such claim is unavailing. Footnote 3 stated:

> Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

Kelley, No. 2:16-cv-0017 KJN (Jan. 21, 2016) (ECF No. 5 at n.3).

"In order to show that he was affirmatively misled, [petitioner must] point to some inaccuracy in the court's instructions." Ford v. Pliler, 590 F.3d 782, 788 (9th Cir. 2009). Petitioner must identify an "affirmative misstatement." Id.

Here, petitioner cannot identify such misstatement because the court's explanation of the statute of limitations was correct. The footnote put petitioner on notice of the one year limitations

period, and advised him the limitations period would begin to run on the date the state court judgment became final. Such information did not affirmatively mislead petitioner to believe he had one year from the date of the order in which to file his federal habeas petition. In addition, the court cited the governing statute, 28 U.S.C. § 2244(d), which would assist petitioner in researching the deadline. Thus, the footnote did not affirmatively mislead petitioner by giving him inaccurate information upon which he may now base a claim of equitable tolling. See Ford, 590 F.3d at 786-89 (rejecting claim that petitioner was affirmatively misled where district court accurately stated that dismissal for failure to exhaust was without prejudice, even though statute of limitation had already expired); Brambles v. Duncan, 412 F.3d 1066, 1070 (9th Cir. 2005) (informing prisoner to choose between two accurate options was not affirmatively misleading and did not provide basis for equitable tolling).

Moreover, the statement that "there is no allegation that state court remedies are no longer available to petitioner" cannot reasonably be read to mean that petitioner had exhausted his state court remedies. Indeed, such sentence was included in the order finding that petitioner failed to exhaust his remedies, and dismissed the case on that very basis. Kelley, No. 2:16-cv-0017 KJN (Jan. 21, 2016) (ECF No. 5).

For these reasons, the prior court orders cited by petitioner do not constitute extraordinary circumstances preventing petitioner from filing a timely petition.

### Lack of Legal Knowledge or Assistance?

The Ninth Circuit has repeatedly held that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Waldron-Ramsey, 556 F.3d at 1013 n.4 (a prisoner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling); Baker v. California Dept. of Corrections, 484 Fed. Appx. 130, 131 (9th Cir. 2012) ("Low literacy levels, lack of legal knowledge, and need for some assistance to prepare a habeas petition are not extraordinary circumstances to warrant equitable tolling of an untimely habeas petition.")

////

Similarly, petitioner's purported need to rely on the assistance of other inmates does not demonstrate extraordinary circumstances entitling petitioner to equitable tolling. See Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) (per curiam) (prisoner's pro se status and reliance on inmate helpers not to be extraordinary circumstances justifying equitable tolling); De Adams v. Hedgpeth, 2015 WL 114163, at *5 (C.D. Cal. Jan. 7, 2015) ("as a matter of law, petitioner's need to rely on [a layman fellow-inmate] does not constitute an extraordinary circumstance for purposes of equitable tolling"); Hernandez v. Holland, 2016 WL 4184098, at *5 (C.D. Cal. Apr. 18, 2016) (prisoner's difficulties conducting research and need to rely on a "jailhouse lawyer" did not warrant equitable tolling), report and recommendation adopted, 2016 WL 4180951 (C.D. Cal. Aug. 4, 2016).

Thus, equitable tolling is not warranted either because petitioner lacked the legal sophistication or needed other inmate assistance to timely file his petition.

### Sensitive Nature of Underlying Conviction?

Petitioner cited no authority to support his position that because petitioner was convicted of sex offenses, his case should be treated differently for statute of limitations purposes. (ECF No. 15 at 5.) As argued by respondent, other district courts disagree with petitioner's theory. "Petitioner's difficulty in researching his claims and obtaining assistance due to his sex offender status do not constitute extraordinary circumstances beyond his control." Martinez v. Sullivan, 2017 WL 4220434, at *5 (C.D. Cal. Aug. 11, 2017), citing McCoy v. Sisto, 2010 WL 455464, at *3 (E.D. Cal. Feb. 3, 2010); Britt v. Runnels, 2008 WL 2561111, at *4 (E.D. Cal. June 24, 2008).[4] Another district court stated:

> The statute of limitations, however, does not contain any exceptions for people convicted of sex offenses who are, understandably, reluctant to discuss their cases with other prisoners. The bottom line is that Petitioner's decision to remain silent about his case . . . demonstrates a lack of diligence and precludes a finding of diligence.

Zavala v. Diaz, 2013 WL 440638, at *3 (C.D. Cal. Jan. 25, 2013) (citations omitted).

---

[4] In Martinez, the prisoner argued that serious safety concerns existed in obtaining aid because he was convicted of multiple sex offenses against a child. Id.

9

1        The undersigned is persuaded by these authorities that the nature of petitioner's underlying conviction does not constitute an extraordinary circumstance warranting the application of equitable tolling.

       2. Diligence

       Finally, the record confirms that petitioner was not diligent. Petitioner did not file a petition for review following the state appellate court's ruling on July 15, 2014. Petitioner did not file an appeal following the issuance of the amended abstract of judgment. Importantly, despite the court's January 21, 2016 order dismissing the initial habeas petition as unexhausted, petitioner waited almost an entire year before signing the writ of habeas corpus on December 27, 2016, filed in the California Supreme Court on February 1, 2017. In addition, petitioner does not set forth specific efforts he took to gain assistance from other inmates. On this record, the court cannot find that petitioner diligently pursued his rights.

       For all of the above reasons, the undersigned finds that petitioner has not met his burden of demonstrating the existence of grounds for equitable tolling.

## VII. Conclusion

       Accordingly, IT IS HEREBY RECOMMENDED that:

       1. Respondent's motion to dismiss (ECF No. 11) be granted; and

       2. This action be dismissed.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 6, 2018

/kell1401.mtd.hc.sol

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE